UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Marcus Juwan Brooks** | Case No. <u>25-61445-pcm13</u><br><br>☐ Amended<br><br>**CHAPTER 13 DEBTOR'S ATTORNEY'S COMPENSATION DISCLOSURE AND APPLICATION** |
| Debtor | |

1.    This compensation disclosure and application is made by debtor's attorney (applicant). Applicant applies for allowance of the compensation and expense reimbursement described herein.

2.    Agreement [*check one*]

☑    A copy of the written agreement between debtor and applicant required by 11 U.S.C. § 528(a)(1) is attached.

☐    No agreement is attached because ___.

3.    Payments [*complete every blank*]

a.    As of the date of this Local Bankruptcy Form (LBF) 1305, the amount that applicant has received as compensation for services rendered or to be rendered or expenses incurred or to be incurred in contemplation of or in connection with the case, including the petition filing fee, whether or not held in trust, is $ <u>500.00</u>.

b.    Any amount received after the petition date is $<u>0.00</u>.

c.    Any source of payment to applicant other than debtor is: <u>None</u>.

d.    As of the date of this LBF 1305, the amount of expenses incurred in contemplation of or in connection with the case, including the petition filing fee, that applicant has paid, whether from applicant's funds or funds held in trust, is $<u>0.00</u>.

4.    Schedule [*select Schedule 1, 2.(a), 2.(b), or 3, and complete corresponding blanks*]

a.    ☑ **Schedule 1** (life-of-the-case fixed fee):

i.    Applicant has agreed to perform all legal services to debtor that are reasonably necessary in or in connection with this case for the entire life of the case, including contested matter litigation, but excluding adversary proceedings and appeals for the fixed fee of $ <u>5,500.00</u> [*$5,500 maximum*] plus expenses of $ <u>0</u> [*$600 maximum*], for a total of $ <u>5,500.00</u>.

ii.    The unpaid agreed fee and expense amount is $ <u>5,000.00</u> [*amount in paragraph 4.a.i. less the amount in paragraph 3.a.*].

b.    ☐ **Schedule 2.(a)** (fixed fee through confirmation and initial audit of claims):

i.    Applicant has agreed to perform all legal services to debtor that are reasonably

**1305 (12/1/2024)**                    **Page 1 of 3**

necessary in or in connection with this case through confirmation of the plan and the initial audit of claims, including prepetition services in contemplation of the case, for the fixed total amount of $____ [*$3,750 maximum*]**.**

ii. The unpaid portion of the agreed amount for services described in paragraph 4.b.i is $____ [*amount in paragraph 4.b.i less the amount in paragraph 3.a. plus the portion of the amount in paragraph 3.a that applicant received for expenses*].

iii. Applicant has also agreed to perform all other legal services to debtor that are reasonably necessary in or in connection with this case on the terms set forth in the attached agreement or, if there is no written agreement, as follows:

c. ☐ **Schedule 2.(b)** (hourly; estimated amount through confirmation and initial audit of claims):

i. Applicant has agreed to perform all legal services to debtor that are reasonably necessary for this case at hourly rates. The estimated total amount of compensation and expense reimbursement for all services through confirmation of the plan and the initial audit of claims, including prepetition services in contemplation of the case, is $____. The earliest date of the services for which applicant seeks compensation is ____.

ii. The unpaid estimated compensation and expenses is $____ [*enter amount in paragraph 4.c.i less the amount in paragraph 3.a.*].

iii. The agreement for compensation and expense reimbursement for all services and expenses in and in connection with this case is set forth in the attached agreement or, if there is no agreement, as follows:

d. ☐ **Schedule 3** (other):

i. Applicant has agreed to provide debtor with services in or in connection with this case on the terms set forth in the attached agreement or, if there is no written agreement, as follows:

ii. If another attorney previously filed an LBF 1305 in this case selecting Schedule 1 or, if the other attorney did not complete services through plan confirmation and the initial audit of claims, Schedule 2(a), the following is a description of incomplete services, compensation paid by the trustee to the other attorney, and any agreement among the other attorney and the debtor regarding the other attorney's fees:

5. If applicant has previously shared any compensation or there exists any agreement or understanding between applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case, other than as a member or regular associate of a firm of attorneys, the details of the sharing or sharing agreement are as follows:

6. Applicant authorizes the trustee to disburse all compensation and expense reimbursement to applicant in the amounts allowed by the court by mailing payments to the address listed in applicant's service address below unless alternative payee information is provided here:

7. On **May 23, 2025**, applicant served this document on debtor.

|  |
|---|
| /s/ Michael A. Shurtleff |
| Applicant's Signature |
| **Michael A. Shurtleff** |

Type or Print Applicant's Name                                                    OSB#

**503-798-8708**

Applicant's Telephone Number
**POB 5250**
**Salem, OR 97304**

Applicant's Service Address

## Instructions

*See* Local Bankruptcy Rule (LBR) 2016-1(e) regarding who must file LBF 1305 and when it and any amendment must be filed.

*See* instructions in LBF 1307, *Chapter 13 Debtor's Attorney's Supplemental-Compensation Application*, regarding required contemporaneous time records.

Paragraph 4.(c) of the chapter 13 plan on LBF 1300.24 must be completed consistently with this LBF 1305.

If applicant selects Schedule 2.(b) and the agreed estimated total compensation, before credit for payments, exceeds $3,750, applicant must file a Chapter 13 Debtor's Attorney's Schedule 2.(b) Itemization on LBF 1306 no later than seven days before the final plan-confirmation hearing (*see* LBR 2016-1(e)(2)(A)).

If applicant has a separate agreement to perform legal services to debtor in related matters such as adversary proceedings or appeals, applicant must use only Schedule 3 for the complete disclosure of all agreements.

# SALEM LAW, LLC

Michael Shurtleff - Attorney At Law - Admitted to practice in Oregon State and Federal Courts

## PROFESSIONAL SERVICES AGREEMENT

I/We, Marcus Juwan Brooks **(Client),** hereby retain(s) **Salem Law, LLC (Attorney)** to represent me/us regarding my/our Chapter 13 bankruptcy proceedings.

I/We agree to pay Salem Law, LLC **$5,500** in attorney fees, of which **$500** will be paid before filing and the remainder will be paid through my/our chapter 13 plan.
I/We understand that I/we must pay the court filing fee of **$313** directly to the court and the credit counseling course fee of **$25** and financial management course fee of **$35** directly to the course provider.

Fees earned upon receipt. All a t t o r n e y fees are earned upon receipt. All funds paid by Client to Attorney will not be deposited into Attorney's lawyer trust account, Client may discharge the lawyer at any time and in that event Client may be entitled to a refund of all or part of the fee if the services for which the fee was paid are not completed.

SERVICES INCLUDED IN ATTORNEY FEES

The attorney fees and costs stated above are for the entire life of your Chapter 13 bankruptcy case, except as noted in the following paragraph. Services include: conferences with your attorney and legal assistants assigned to your case; analysis of the special legal problems associated with your case; preparing and filing the petition, schedules, and related documents; appearances at the meeting of creditors and confirmation hearings; and responding to motions filed by the Trustee or creditors, including appearances at court hearings.

SERVICES NOT INCLUDED IN ATTORNEY FEES

The fees quoted above do not include appeals nor adversary proceedings (that is, when a creditor or trustee files a separate legal action against you or you file a separate legal action against a creditor). Fees for additional legal work will be billed at the firm's usual hourly rate of $295.00 per hour for attorney services and $85.00 per hour for Paralegal services. Those fees, if any, will be billed as they occur and are normally paid from your Chapter 13 plan payments.

BANKRUPTCY COURT REPRESENTATION ONLY

The fee agreement only covers representation in the United State Bankruptcy Court for the District of Oregon. Salem Law LLC will not represent you in any other matter requiring an

appearance of any kind in any court other than the United States Bankruptcy Court for the District of Oregon as a result of this Professional Services Agreement.

**Unapplied Funds at time of Case Completion/Dismissal**

By signing below, you agree that Attorney may negotiate and apply toward outstanding attorney fees, any unapplied funds refunded to you at the time your case is dismissed or closed up to the amount of unpaid attorney fees owing at the time the case is dismissed or closed.

**By signing this agreement, client agrees and understands that:**

- All information to be provided in connection with this bankruptcy filing must be complete, accurate and truthful.
- Client hereby represents that Salem Law, LLC may rely upon the representations and that Client will defend the accuracy and verifiability of such representations;
- All assets and liabilities must be completely and accurately disclosed and values must be based on a reasonable inquiry;
- Current monthly income and disposable income will be accurately stated after a reasonable inquiry;
- All information provided by a debtor in a bankruptcy case may be audited and may subject the debtor to dismissal or other sanctions, including criminal sanctions.

DATED:    May 22, 2025

**SALEM LAW, LLC**

By: _____

Michael A. Shurtleff, OSB #095070

Client Signature and Date (Debtor)    _____    May 22, 2025
Marc____ (May 22, 2025 11:35 PDT)    _____
                                             Signature                          Date

Client Signature and Date (Joint Debtor)    _____
                                             Signature                          Date

# ATTORNEY FEE AGREEMENT

Final Audit Report                                          2025-05-22

| | |
|---|---|
| Created: | 2025-05-22 |
| By: | Cindy Ernst (ce@salemlawllc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAANuEYf9jdRD_ePh2jS3YBLBKwk_vN3o_- |

## "ATTORNEY FEE AGREEMENT" History

Document created by Cindy Ernst (ce@salemlawllc.com)
2025-05-22 - 6:33:04 PM GMT- IP address: 73.157.167.203

Document emailed to marcbrooks77@gmail.com for signature
2025-05-22 - 6:33:28 PM GMT

Email viewed by marcbrooks77@gmail.com
2025-05-22 - 6:34:00 PM GMT- IP address: 66.249.84.229

Signer marcbrooks77@gmail.com entered name at signing as Marc Brooks
2025-05-22 - 6:35:09 PM GMT- IP address: 174.193.195.164

Document e-signed by Marc Brooks (marcbrooks77@gmail.com)
Signature Date: 2025-05-22 - 6:35:11 PM GMT - Time Source: server- IP address: 174.193.195.164

Agreement completed.
2025-05-22 - 6:35:11 PM GMT